UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**ROBERT EARL KING, III,**                                     CIVIL ACTION

**VERSUS**                                                     NO. 25-963

**CHILDREN'S HOSPITAL, ET AL.**                                SECTION: "M"(1)

# REPORT AND RECOMMENDATION

Plaintiff, Robert Earl King, III, a state prisoner, filed this *pro se* and *in forma pauperis* civil action pursuant to 42 U.S.C. § 1983. King sued "Children's Hospital Houston TX," "Children's Hospital B[i]loxi Ms.," "Children's Hospital New Orleans, La," "Our Lady of Angels Baton Rouge, La," "Children's Hospital Hattisburge [sic], Ms." and "Walmart Sieverville, Tn." King's statement of his claims, without corrections to grammar or spelling, is as follows:

> Defendants twins infants were being treated at each of these hospitals were doctors were giving them undocumented and unprescribed medicine particularly (Oxycodone). Dr. James Nee and Dr. Michael David. 3-2022-10-16-2022.
> (1) Illegal immigrants attempted to murder in Walmart parking lot on CCTV, live footage. 3-2020 murder myself and my twin babies.

Rec. Doc. 3 at 4. King seeks monetary relief. Id. at. 5.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1)   is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

>    (2)   seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action …
>
>    (i)    is frivolous or malicious;
>    (ii)   fails to state a claim on which relief may be granted; or
>    (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

A complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994). This category of baseless claims encompasses fanciful, fantastic, and delusional allegations. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). In making a determination as to whether a claim is frivolous, the Court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." Neitzke, 490 U.S. at 327; Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994).

A complaint fails to state a claim on which relief may be granted when the plaintiff does not "plead enough facts to state a claim to relief that is plausible on its face. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *In re* Katrina Canal Breaches

Litigation, 495 F.3d 191, 205 (5th Cir. 2007) (footnote, citation, and quotation marks omitted).

The United States Supreme Court has held:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations and quotation marks omitted).

Here, even when King's complaint is liberally construed,[1] it is clear that it is time-barred, frivolous and/or fails to state a claim on which relief may be granted.

King filed this action pursuant to 42 U.S.C. § 1983. In pertinent part, that statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

42 U.S.C. § 1983.

Accordingly, "[t]o state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." Whitley v. Hanna, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability." Harrington v. Harris, 118 F.3d 359, 365 (5th Cir. 1997) (citation omitted). This requires the plaintiff to identify both the constitutional

---

[1] The Court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

violation and the responsible person acting under color of state law. Flagg Bros., Inc. v. Brooks, 436 U.S. 149, 156 (1978).

First, King's § 1983 claims are untimely. "[T]he statute of limitations for a Section 1983 action is a state's general or residual personal injury statute of limitations." Brown v. Pouncy, 93 F.4th 331, 334 (5th Cir.) (citation omitted), cert. denied, 145 S. Ct. 170 (2024). Here, that is Louisiana's one-year statute of limitations/prescriptive period for tort claims.[2] La. Civ. Code art. 3492 (repealed by Acts 2024, No. 423, § 2, eff. July 1, 2024). King alleges the incidents giving rise to his claims occurred in March 2020 and March 2022 through October 16, 2022. Rec. Doc. 3 at 4. He did not file his original complaint until May 2025. Rec. Doc. 1.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. Lopez-Vences v. Payne, 74 F. App'x 398, 398 (5th Cir. 2003); Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002). The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of *contra non valentem*. Crane v. Childers, 655 F. App'x 203, 204 (5th Cir. 2016) (citing Corsey v. State, 375 So. 2d 1319, 1321 (La. 1979)). *Contra non valentem* excepts a plaintiff from an applicable prescriptive period "where the cause of action is not known or reasonably knowable by the plaintiff." Kling Realty Co. v. Chevron USA, Inc., 575 F.3d 510, 517 (5th Cir. 2009) (quoting Cole v. Celotex Corp., 620 So.2d 1154, 1156 (La. 1993)). King does not assert that he was unable to file his action within the one-year period. Further, the record does not record show that the doctrine of *contra non valentem*, nor any other

---

[2] Currently, Louisiana's prescriptive period for torts is two years. La. Civ. Code art. 3493.1. But Article 3493.1 has "prospective application only," and its two-year prescriptive period "shall apply to delictual actions arising after the [July 1, 2024] effective date of [Act 423]." TORT ACTIONS, 2024 La. Sess. Law Serv. Act 423 (H.B. 315). Because the alleged incidents underlying King's claims occurred before July 1, 2024, the former Article 3492 and its one-year prescriptive period apply. See Allied World Nat'l Assurance Co. v. Nisus Corp., 134 F.4th 821, 826 n.3 (5th Cir. 2025) (applying the former Article 3492's one-year prescriptive period to tort claim arising from facts occurring before July 1, 2024).

4

doctrine that may toll the statute of limitations/prescriptive period, applies to except him from the time-bar. Id. (explaining the doctrine of *contra non valentem*). As such, the one-year prescriptive period for King's claims ran before he filed his complaint in May 2025. Prescribed claims are properly dismissed as frivolous. See, e.g., Brown v. Pool, 79 F. App'x 15, 17 (5th Cir. 2003); Gonzales v. Wyatt, 157 F.3d 1016, 1019-20 (5th Cir. 1998).

A second basis exists to dismiss King's 1983 claims against the defendants as no state action was involved. The named defendants are private entities. Wheat v. Mass, 994 F.2d 273, 275-76 (5th Cir. 1993) (a hospital does not become a state actor simply due to receipt of public funds and being subject to state regulation); Lott v. Lopinto, No. 19-14010, 2021 WL 11550132, at *2 (E.D. La. Jan. 29, 2021) (citations omitted) ("neither Walmart nor its employees are "considered to be acting under color of state law for purposes of § 1983 liability."). Generally, a suit under § 1983 cannot be brought against a private entity acting in its private capacity. A non-state or private actor can, however, be held liable under a § 1983 cause of action if the actor engaged in "a conspiracy with state actors to violate [the plaintiff's] constitutional rights." Tebo v. Tebo, 550 F.3d 492, 496 (5th Cir. 2008); see Priester v. Lowndes County, 354 F.3d 414, 420 (5th Cir. 2004) (private company not liable under § 1983 unless plaintiff alleges and proves an agreement between private and public defendants to commit an illegal act resulting in a deprivation of the plaintiff's constitutional rights).

Although the Court must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim." Mills v. Crim. Dist. Ct. No. 3, 837 F.2d 677, 678 (5th Cir. 1988). Here, King has not alleged that the defendants were acting under color of state law and his factual allegations do not demonstrate that they acted in other than

their respective private capacities. Nor does King allege the existence of a conspiracy between defendants and any state actors.

For the foregoing reasons, King's claims against defendants should be dismissed as frivolous and/or for failure to state a clam for which relief can be granted.

## RECOMMENDATION

It is therefore **RECOMMENDED** that King's federal civil rights claims be **DISMISSED WITH PREJUDICE** as frivolous and/or for failure to state a claim on which relief may be granted.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); see Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __8th__ day of July, 2025.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**